IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | MAGISTRATE NO. 14-142 |
| v. | : | Violation No. 3928431 |
| JOHN BELL | : | |

MEMORANDUM AND ORDER

JACOB. P. HART                                                                                     MARCH 13, 2014

UNITED STATES MAGISTRATE JUDGE

      On October 6, 2013, Defendant, John Bell, was issued a citation because he parked his car on a closed parking lot, which had been barricaded. In order to get around the barricades, Bell had to drive his car off the road and onto the grass.

      At the time of the violation, Valley Forge National Park, together with every other national park in the country, had been ordered closed by Jonathan B. Jarvis, the Director of the National Park Service. Mr. Jarvis' order was the result of the federal government shutdown, which deprived the National Park System of sufficient funds to operate the parks safely.

      Bell has filed a Motion to Dismiss his citation. The basis for his motion is that the Director of the National Park Service did not have the authority to order Valley Forge closed. According to Bell, only the Superintendent of Valley Forge, Kate Hammond, had the authority to close the park.

As should be obvious, the Director of the National Park Service is superior to all individual Park Superintendents. Any action that a park Superintendent could perform could also be performed by the Director. We begin with the statute that created the National Park Service, 16 U.S.C. § 1. This Section states:

> There is created in the Department of the Interior a service to be called the National Park Service, which shall be under the charge of a director … . The service thus established shall promote and regulate the use of the Federal areas known as national parks … .

Section 2 of the statute deals with the supervision of the parks. It states:

> The director shall, under the direction of the Secretary of the Interior, have the supervision, management, and control of the several national parks … .

Acting under the authority to supervise the parks, given to him by the above statute, Director Jarvis invoked the closure provision of 36 C.F.R. §1.5, stating in his order that the closure of all national parks is "necessary to maintain public health and safety in units of the National Park System and to protect park resources and values during the shutdown period." (Govt. Exhibit A). The Director also declared that the lapse in appropriated funds qualifies as an "emergency" under 36 C.F.R. § 1.5(b), as a result of which his order closing the parks could be issued without a special rulemaking procedure.

Notwithstanding the Director's obvious power to order all national parks closed because of the government shutdown, Bell argues that, since the parks were closed pursuant to 36 C.F.R. § 1.5, and since that Section mentions only the park Superintendent, it therefore follows that the National Director had no authority to invoke the regulation.

The Court disagrees. First, it borders on the absurd to argue that a superior officer in any organization has less power than his own subordinates. Second, the very statute creating the National Park Service gave directly to the Director "the supervision, management, and control of

2

the several national parks." Finally, Bell is factually incorrect when he implies that the Superintendent of Valley Forge National Park, Kate Hammond, was not herself involved in the closure. Following the order of her superior, she issued a five page memo entitled "Shut Down Ops." The first page of that memo is captioned "CLOSE PARKS…..TO PUBLIC ACCESS." (Govt. Exhibit B). Hammond's memo is so detailed that it specifically lists the Gated Closures, one of which, Varnum's Picnic Area, is the one illegally entered by Bell.

It is interesting to note that in the same memo, Superintendent Hammond instructs her Rangers to maintain closure enforcement through verbal and written warnings . There is only one exception to the warning procedure. The memo states: "Vehicles that drive around barricades or are found in the closed area will receive a violation notice." This is precisely what Bell did. In fact, when Bell asked Ranger Valora what was being done to other people in the park, the Ranger specifically told him that he was being cited for driving around the gates, not simply for being in the park. (Govt. Exhibit F)[1]

For all of the above reasons, Bell's Motion to Dismiss is denied. An appropriate Order follows.

---

[1] Ironically, even if the Park had not been closed, Bell could have received a citation for driving off the road in order to get onto the parking lot. See 36 C.F.R.§4.10(a). Ranger Valora could have issued Bell two citations, but he chose to issue only one.